IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LARRY CHATMAN, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE and AARON THOMAS )<br>COMPANY, INC., )<br>)<br>   Defendants. ) | Case No. 2:23-cv-02024-JPM-atc |

**ORDER GRANTING DEFENDANT AARON THOMAS COMPANY, INC.'S MOTION TO DISMISS**

Before the Court is Defendant Aaron Thomas Company, Inc.'s ("ATC") Motion to Dismiss, filed on January 25, 2023. (ECF No. 9.) ATC filed the instant Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claim is barred by the Tennessee Workers' Compensation Law ("TWCL"). (Id. at PageID 32.)

For the reasons set forth below, ATC's Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND**

*A.   Factual Background*

Plaintiff Larry Chatman is a resident of Memphis, Tennessee. (ECF No. 1-2 ¶ 1; ECF No 1 ¶ 12.) ATC is a California business with its principal place of business in California. (ECF No. 1 ¶ 15.)

Plaintiff was employed by Supreme Staffing, a temporary manpower service, and held that position on July 12, 2022. (ECF No. 1-2 ¶ 6.) He was working at ATC's place of business, located at 5649 Distribution Drive, Memphis, TN 38141 (the "Subject Premises"), on that date.

(Id. ¶¶ 2–3.)  Plaintiff was driving a vehicle when he was struck by another vehicle driven by "John Doe," an unknown worker at the Subject Premises.  (Id. ¶ 11; ECF No. 31 at PageID 164.)  Plaintiff alleges that he experienced a variety of physical injuries, along with "mental anguish, loss of enjoyment of life[,] out of pocket expenses" and lost wages.  (Id. ¶ 18, 20.)  Plaintiff brings the instant suit on a theory of tortious negligence.  (Id. ¶ 19.)

      B.      *Procedural Background*

Plaintiff filed the instant suit the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District on December 12, 2022.  (Id.)  The action was removed to federal court by ATC on January 18, 2023, on the basis of diversity.  (ECF No. 1.)

As previously stated, ATC filed the instant Motion to Dismiss on January 25, 2023.  (ECF No. 9.)  Plaintiff filed a Response on February 6, 2023.  (ECF No. 19.)  Plaintiff's Response was filed along with the Affidavit of Larry Chatman.  (ECF No. 19-1.)  ATC filed a Reply on February 17, 2023.  (ECF No. 20.)

The instant case was reassigned to Judge Jon P. McCalla for all further proceedings on May 30, 2023.  (ECF No. 21.)  A Telephonic Status Conference was held on June 2, 2023, at which the Parties discussed the instant Motion and established a number of undisputed facts pursuant to Federal Rule of Civil Procedure 16.  (ECF No. 25; see also ECF No. 31.)  The Court also requested additional briefing from the Parties at that time.  (Id.)  Plaintiff filed additional briefing with the Court on that same day.  (ECF No. 27.)  ATC filed additional briefing on June 7, 2023.  (ECF No. 30.)

**II.**      **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion permits the "defendant

2

to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery. Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A complaint need not contain detailed factual allegations. Twombly, 550 U.S. at 570. A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery." Iqbal, 556 U.S. at 678-79; Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011), aff'd, 481 F. App'x 252 (6th Cir. 2012).  A court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). "While legal

3

conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Consideration of a motion to dismiss under Rule 12(b)(6) is generally confined to the pleadings. Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir. 2008).  "Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings." In re FCA US LLC Monostable Elec. Gearshift Litig., 446 F. Supp. 3d 218, 222 (E.D. Mich. 2020) (citing Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010)).

### III. ANALYSIS

#### A. *Plaintiff's Affidavit*

Plaintiff attached an affidavit to his Response to the instant Motion.  (See ECF No. 19 at PageID 98–101.)  "A complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss. . ." Streit v. Bushnell, 424 F. Supp. 2d 633, 639 n. 3 (S.D.N.Y. 2006) (citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir.1998)); see also Excel Homes, Inc. v. Locricchio, 7 F. Supp. 3d 706, 710 (E.D. Mich. 2014) (refusing to consider two affidavits attached by a plaintiff to their response to a 12(b)(6) motion for summary judgment, as the affidavits were outside of the pleadings, and consideration would convert the motion into one for summary judgment).   The Court has given no consideration to Plaintiff's affidavit with respect to consideration of the instant Motion.

#### B. *Plaintiff was an Employee of ATC Pursuant to the Loaned Servant Doctrine*

Plaintiff was an employee of ATC for the purpose of worker's compensation.  The TWCL "provides that 'the rights and remedies granted to an employee subject to this chapter,

4

on account of personal injury or death by accident . . . shall exclude all other rights and remedies of the employee.'" Doe v. Matthew 25, Inc., 322 F. Supp. 3d 843, 851 (M.D. Tenn. 2018) (quoting Tenn. Code Ann. § 50-6-108(a)). "Pursuant to this section, [the TWCL] provides the exclusive remedy for an employee who is injured during the course and scope of his employment, meaning the employee is precluded from seeking tort damages for the injury." Valencia v. Freeland & Lemm Constr. Co., 108 S.W.3d 239, 242 (Tenn. 2003) (citing Liberty Mut. Ins. Co. v. Stevenson, 368 S.W.2d 760 (1963)).

Plaintiff argues that he was not an employee of ATC under the TWCL. (ECF No. 19 at PageID 93.) It is unclear what working relationship Plaintiff contends that he actually had with ATC. Plaintiff pleads in his Complaint that he was an employee of Supreme Staffing. (ECF No. 1-2 ¶ 1.) The Rule 16 Conference established that Supreme Staffing is a "temp agency," or a temporary manpower service. (See ECF No. 31 at PageID 157.) Plaintiff was placed at ATC by Supreme Staffing. (ECF No. 1-2 ¶¶ 7–8.)

"An employee, under [the TWCL], 'includes every person ... in the service of an employer,' . . . which . . . could include certain 'temporary workers.'" Gen. Agents Ins. Co. of Am. v. Mandrill Corp., 243 F. App'x 961, 965 (6th Cir. 2007) (citing Tenn. Code Ann. § 50–6–102(10)(A)). "For purposes of the workers' compensation law, '[s]ometimes an employee may be employed by two or more employers.'" Stephens v. Home Depot U.S.A., Inc., 529 S.W.3d 63, 74 (Tenn. Ct. App. 2016) (quoting Joseph H. King, Jr., The Exclusiveness of an Employee's Workers' Compensation Remedy Against His Employer, 55 Tenn. L. Rev. 405, 433 (1988)). "'Under established Tennessee precedent, an employee of a temporary manpower service is considered also to be an employee of the company to which the employee is assigned, for workers' compensation purposes.'" Id. at 75 (quoting Abbott v. Klote Int'l Corp., No.

5

03A01-9810-CV-00328, 1999 WL 172646, at *3 (Tenn. Ct. App. Mar. 24, 1999); see also Bennett v. Mid-S. Terminals Corp., 660 S.W.2d 799, 802 (Tenn. Ct. App. 1983) (holding that an employee of a temporary manpower service was co-employed by the temporary manpower service and the company the employee was assigned to)).

This co-employment relationship is a function of the "loaned employee" doctrine. See id. "Under the loaned [employee] doctrine, if an employer 'loans' an employee to a 'special employer,' the special employer may become liable for workers' compensation benefits in the event the loaned employee is injured on the job." Blackwell v. Comanche Constr., Inc., No. W2012-01309-COA-R9-CV, 2013 WL 1557599, at *5 (Tenn. Ct. App. Apr. 15, 2013). The loaned employee doctrine entitles the borrowing employer to the protection of the TWCL's exclusive remedy rule. Stephens, 529 S.W.3d at 75. An employee's status as a loaned employee is established through a tripartite test, which asks whether "(a) [t]he employee has made a contract of hire, express or implied, with the special employer; (b) [t]he work being done is essentially that of the special employer; and (c) [t]he special employer has the right to control the details of the work." Id.

It is uncontested that Plaintiff entered into some form of contract with ATC as a temporary employee. See Bennett, 660 S.W.2d at 801–02 ("The very fact that [Plaintiff] entered into an employment arrangement [with a temporary manpower service] would constitute a general consent to work for special employers such as defendant") (quoting Daneck v. Meldrum Mfg. & Engineering Co., Inc., 252 N.W.2d 255 (1977)). Plaintiff argues that "the work being done [by Plaintiff] was [not] essentially that of Defendant," challenging the second prong of the loaned employee test. (ECF No. 19 at PageID 95.) Plaintiff additionally contends that Defendant did not have the requisite control over him to render him an employee for the

purposes of the TWCL, challenging the third prong of the loaned employee test. (Id. at PageID 93.)

Plaintiff's arguments are unavailing. Tennessee courts have set forth a bright line rule. Employees of temporary manpower services are per se employees of the temporary manpower service and the company at which they are placed. Stephens, 529 S.W.3d at 75; see also Henry v. CMBB, LLC, No. 118CV01244STAEGB, 2019 WL 961999, at *2 (W.D. Tenn. Feb. 27, 2019), aff'd, 797 F. App'x 258 (6th Cir. 2020) (holding that an employee of a temporary manpower service was co-employed by the service and the company at which she was placed, making the TWCL the exclusive remedy for her on-the-job injury, on a motion to dismiss); Smith v. CEVA Logistics U.S., Inc., No. 3:19-CV-00913, 2020 WL 8510020, at *3 (M.D. Tenn. Oct. 22, 2020), report and recommendation adopted, No. 3:19-CV-00913, 2021 WL 516280 (M.D. Tenn. Feb. 11, 2021) (same); Kizer v. Pinnacle Foods Grp. LLC, No. 117CV01214STAEGB, 2018 WL 358514, at *5 (W.D. Tenn. Jan. 10, 2018) (same). Plaintiff's exclusive remedy for his on-the-job injury is therefore worker's compensation, and the TWCL bars him from bringing a tort claim against his employer.

### IV.   CONCLUSION

For each of the reasons set forth above, ATC's Motion to Dismiss is **GRANTED**.

**SO ORDERED**, this 26th day of June, 2023.

                                                  /s/ Jon P. McCalla
                                                  JON P. McCALLA
                                                  UNITED STATES DISTRICT JUDGE